IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.5:04-CR-03-FL
NO.5:05-CV-828-FL

| | |
|---|---|
| GEOFFREY H. SIMMONS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion under 28 U.S.C. section 2255 to vacate, set aside, or correct sentence, (DE # 29), respondent's motion to dismiss for lack of jurisdiction pursuant to Federal Rule 12(b)(1) (DE # 36) and memorandum and recommendation ("M&R"), dated December 4, 2007, of United States Magistrate Judge David W. Daniel. In that M&R, Magistrate Judge Daniel found, after an extensive hearing at which petitioner and respondent were both present, that petitioner has sustained his burden of demonstrating ineffective assistance of counsel for failure to notice a requested appeal. Specifically, Magistrate Judge Daniel found that petitioner filed his section 2255 motion within the statutorily permissible time frame and that counsel's deficient performance resulted in prejudice to petitioner, thereby constituting ineffective assistance of counsel.

Upon full and careful review of the M&R and all available court documents, the court finds that the findings and conclusions of the magistrate judge are in all respects proper and in accordance with the law. The court specifically finds that petitioner did instruct his attorney to file an appeal,

after which time his attorney failed to do so. Petitioner reasonably exercised due diligence to determine that his attorney had not filed an appeal in January 2005, placing petitioner's motion within the statutory framework. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000). It is the finding of the court that petitioner was denied ineffective assistance of counsel at the appeal phase of his trial.

Accordingly, based on a thorough review of the record and the relevant case law, the court hereby adopts the M&R as its own. It is the finding of the court that, by a preponderance of the evidence, petitioner demonstrated that he would have filed an appeal in the absence of counsel's deficient performance. It is, therefore, ORDERED that petitioner have thirty (30) days from the filing of this order to file an appeal from his original sentence.

SO ORDERED, this the 25 day of March, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge